FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 AUG 31 A 11: 21

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CHONG SU YI,

    Plaintiff,

v.                                     Case No.: GJH-16-2143

PROGRESS PLACE, et al.,

    Defendants

## MEMORANDUM OPINION

Self-represented Plaintiff Chong Su Yi filed the above-captioned Complaint on June 16, 2016, together with a Motion to Proceed *In Forma Pauperis*, against Defendants Progress Place and Montgomery County. ECF Nos. 1 and 2. Because Yi appears indigent, the Motion to Proceed *In Forma Pauperis* shall be granted.

Although the Complaint is difficult to understand, Plaintiff appears to allege that he received a no trespass order from Progress Place, a "none [sic] profit organization," banning him from their premises for one week. ECF No. 1 ¶¶4, 6. Plaintiff contends that he is entitled to relief since he is a citizen of Montgomery County and is therefore entitled to access shelters operated by the County. *Id.* ¶ 6. He alleges that the notice he received from Progress Place is a violation of the First Amendment since "religion could not establish unto Plaintiff through Progress Place," an example of "unilateral action" and "selective prosecution." *Id.* As relief Plaintiff seeks "164 days 250,000 dollars allowed by law; 41 million dollars; and punitive damages of 100 times; 4.1 billion dollars; total of 4.141 billion dollars." *Id.* ¶ 7.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if

it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and that 'state a claim to relief that is plausible on its face.'" *Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. In particular, he has not alleged why receiving a no trespass order of limited duration would create a cause of action under federal law. Accordingly, Plaintiff's Complaint will be dismissed. A separate Order follows.

August 31st, 2016
Date

George J. Hazel
United States District Judge